IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MICHAEL GONZALEZ-GUERRERO,  :
       :
    Plaintiff,         :
       :
    v.         : Civ. No. 22-741-RGA
       :
BNY MELLON, et al.,         :
       :
    Defendants.         :

## MEMORANDUM ORDER

At Wilmington, this 14th day of November, 2022;

IT IS ORDERED that (1) Plaintiff's request for electronic filing rights (D.I. 6) is **DENIED** without prejudice; (2) Plaintiff's request for counsel (D.I. 12) is **DENIED** without prejudice; and (3) Plaintiff's motion for an extension of time to respond to the motion to dismiss (D.I. 18) is **DISMISSED** as moot.

**Electronic Filing Rights**. Plaintiff requested electronic filing rights and, on September 20, 2022, he was advised to supplement his request in writing and indicate whether or not he had independently reviewed all the materials and related electronic filing topics on the Courts website and whether he has a PACER account. (D.I. 8). To date, Plaintiff has not supplemented his request. Therefore, the motion is denied.

**Request for Counsel**. Plaintiff has filed a request for counsel. (D.I. 12). He states, "I would like to have a court appointed lawyer if possible." (*Id.*). A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to

representation by counsel. See Brightwell v. Lehman, 637 F.3d 187, 192 (3d Cir. 2011); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. Tabron, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. See Montgomery v. Pinchak, 294 F.3d 492, 498-99 (3d Cir. 2002); Tabron, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. Tabron, 6 F.3d at 157.

Plaintiff provides no grounds for counsel. He merely asks for one. The threshold issue for appointment of counsel is that there be a claim that has arguable merit in fact and law. Right now, Plaintiff does not meet that requirement. In reviewing the Complaint, it appears to be time-barred, there appears to be a failure to exhaust administrative remedies, and it appears the Complaint fails to state claims upon which relief can be granted. Accordingly, Plaintiff's request for counsel is denied

without prejudice.

**Extension of Time.**   Plaintiff moves to respond to the motion to dismiss until after ruling on his request for counsel.   (D.I. 18).   He nevertheless timely filed the response.   Thus, Plaintiff's motion for an extension of time is dismissed as moot.

UNITED STATES DISTRICT JUDGE