IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL GONZALEZ-GUERRERO, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 22-741-RGA |
| BNY MELLON, et al., | : | |
| Defendants. | : | |

Michael Gonzalez-Guerrero, Lakeland, Florida.   Pro Se Plaintiff.

James A. Holt, Esquire and Justin M. Forcier, Esquire, Reed Smith LLP, Wilmington, Delaware.   Counsel for Defendants

**MEMORANDUM OPINION**

July 31, 2023
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Michael Gonzalez-Guerrero, who appears *pro se* and proceeds *in forma pauperis*, filed this employment discrimination action on June 6, 2022. (D.I. 1). Before the Court is Defendants' motion to dismiss. (D.I. 16). The matter is fully briefed. (D.I. 17, 21, 25, 27, 30).

## I. BACKGROUND

Plaintiff was employed by Defendant BNY Mellon. On February 26, 2019, his employment was terminated for job abandonment after he failed to report to work for six consecutive workdays and his supervisors were unable to reach him by phone. Plaintiff alleges that he suffers from schizophrenia and was hospitalized during the date in question following a psychosis episode.

Plaintiff timely filed a charge with the Florida Commission on Human Relations ("FCHR") and Equal Employment Opportunity Commission ("EEOC") claiming that he was discriminated against based on a medical condition. On January 13, 2022, the EEOC adopted the findings of the FCHR, dismissed the charge, and issued a right to sue letter.

On June 6, 2022, Plaintiff filed this action, claiming that his termination violated the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Section 504"). Defendants have filed a motion to dismiss. (D.I. 16).

## II. LEGAL STANDARD

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), I must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds

1

*pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* at 94.  A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).  I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint."  *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002).  A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted."  *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility."  *Id*. at 12.  That plausibility must be found on the face of the complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged."  *Id*.  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*. at 679.

**III.    DISCUSSION**

Defendants move for dismissal on the grounds that Plaintiff's claims are time-barred for Plaintiff's failure to file the matter within the ADA's statutorily prescribed 90-day time-frame and the two-year time frame applicable in Delaware to Section 504 claims.   (D.I. 17 at 12).[1]

**A.    ADA Claim**

A complaint alleging a violation of the ADA must be filed within 90 days of the complainant receiving notice of the EEOC's decision not to pursue the administrative charge, in the form of a right to sue letter.   42 U.S.C. § 2000e-5(f)(1); *see also Ebert v. Daimler Chrysler Corp.*, 319 F.3d 103, 108 & n.4 (3d Cir. 2003) (noting that the ADA incorporates by reference Title VII's statute of limitations).   The failure to file suit within 90 days after the receipt of a notice from the Commission renders a plaintiff's action untimely.   *See, e.g.*, *Waiters v. Aviles*, 418 F. App'x 68, 71 (3d Cir. 2011).   The Third Circuit strictly construes the 90-day rule and has "held that, in the absence of some equitable basis for tolling, a civil suit filed even one day late is time-barred and may be dismissed."   *Burgh v. Borough Council of the Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001).   If the date of receipt of a right-to-sue letter is unknown or in dispute, "courts will presume that a plaintiff received [the] right-to-sue letter three days after the EEOC mailed it."   *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999).

---

[1] Defendants argued in their motion that the claims against Windsor should be dismissed for the additional reason that there is no individual liability under the ADA or the Rehabilitation Act.   (D.I. 17 at 14-15).   Plaintiff concedes in his response that the claims against Windsor should indeed be dismissed for this reason.   (D.I. 21 at 5).

On January 13, 2022, the EEOC issued the right to sue letter. The 90-day limitations period began to run three days later, on January 16, 2022. Accordingly, Plaintiff had until Monday, April 18, 2022 to file his federal complaint. This case, however, was not filed until June 6, 2022.[2] Accordingly, the ADA claim must be dismissed as time-barred.

### B. Section 504 Claim

"The statute of limitations applicable to claims under . . . Section 504 of the [Rehabilitation Act] is the statute of limitations for personal injury actions in the state in which the trial court sits." *Disabled in Action v. SEPTA*, 539 F.3d 199, 208 (3d Cir. 2008). In Delaware, personal injury claims are subject to a two-year statute of limitations. *See* 10 Del. C. § 8119; *see also Hohman v. Del. Dep't of Corr.*, 2001 WL 1593222, at *2 (D. Del. Dec. 11, 2001) (applying the 2-year statute of limitations to Section 504 claims).

Plaintiff was fired on February 26, 2019. Accordingly, he had until February 26, 2021, to bring his Section 504 claim. His June 6, 2022 Complaint was filed over a year late. Accordingly, the Section 504 claim is also time-barred.

## IV. CONCLUSION

For the foregoing reasons, I will grant Defendants' motion to dismiss.

A separate order shall issue.

---

[2] The Complaint is dated April 20, 2022 (D.I. 1 at 3), and Plaintiff argues the Court should consider it filed as of that date. Plaintiff's argument is unavailing because envelope containing the Complaint was post marked on June 1, 2022 (*id.* at 4). In any event, even if the Complaint had been filed on April 20, 2022, it would still be two days late and therefore time-barred, absent some colorable basis for equitable tolling. *See Burgh*, 251 F.3d at 470.